UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ZOUHEIR ABBAS ALAWIEH,

       Plaintiff,

vs.

UNITED STATES ATTORNEY
GENERAL, et al.,

       Defendants.
_____/

Civil Action No.
09-CV-10413

HON. BERNARD A. FRIEDMAN

**OPINION AND ORDER OF CONDITIONAL REMAND**

This matter is presently before the Court on the Court's own review of the Complaint. For the reasons discussed below, the Court will remand this matter to the United States Citizenship and Immigration Services ("USCIS") for a determination of Plaintiff's naturalization application within 45 days of this Opinion and Order. However, this case shall remain on the Court's active docket and the Court will reserve the right to adjudicate Plaintiff's naturalization application should Defendants fail to comply with this Opinion and Order.

Plaintiff is a permanent resident alien of the United States who submitted an application for naturalization to the USCIS in 2003. (Compl. at p. 2.) Plaintiff's naturalization interview was conducted on December 8, 2003, at which time he was informed that he had passed the requisite proficiency examinations. (*See id.* at Ex. A.) As of the filing of the present action, five years, one month, and 26 days have elapsed since Plaintiff's interview. Due to the delay in deciding his naturalization application, Plaintiff asks the Court to compel Defendants to decide his application and requests an expeditious adjudication of his Complaint. For the reasons explained below, the

Court will grant both requests.

II.     **ANALYSIS**

The Court's jurisdiction over this matter rests on 8 U.S.C. § 1447(b), which states as follows:

> [i]f there is a failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

8 U.S.C. § 1447(b).  This Court has jurisdiction over this matter because, as of the filing of the Complaint, 1,884 days—just short of 16 times the baseline number—have elapsed since Plaintiff's examination on December 8, 2003.  Accordingly, the Court "may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter." *See id.*

This is a frequently litigated issue in this district and across the country.  Unfortunately, there is little uniformity among the various district courts, and even less guidance from the appellate courts.  Courts having the occasion to consider how to proceed in this instance seem to take one of three approaches.  The first two approaches both involve remanding the matter to the USCIS.  However, some courts will remand with instructions that the USCIS adjudicate the plaintiff's naturalization application by a certain date, while other courts decline to impose a firm deadline on the USCIS.  Those courts following the third approach, on the other hand, decline to remand the matter to the USCIS, instead opting to exercise their power under § 1447(b) to "determine the matter" on their own.  All three approaches are clearly authorized under § 1447(b).  For the reasons that follow, this Court will conditionally remand the matter to the USCIS with

instructions that it adjudicate Plaintiff's application within 45 days of the date of this Opinion and Order.

    A.    *The Court Will Remand this Matter to the USCIS*

The Court must first determine whether it wishes to remand to the USCIS or instead "determine the matter" on its own. The Court opts to remand. In doing so, the Court echoes the concern of numerous other courts:

> the very reason that the [US]CIS did not process [the plaintiff's] application within 120 days of his examination prevents [a court] from deciding his application. The FBI has not yet completed the criminal background check. This is a vital piece of information. A court is not equipped to conduct such an investigation. . . . [A court does] not have the resources at [its] disposal to determine whether [a plaintiff] presents a risk to national security or to public safety.

*El-Daour v. Chertoff*, 417 F. Supp.2d 679, 683-684 (W.D. Pa. 2005). Given the national security and safety concerns at stake, the Court prefers that this matter be adjudicated by those with advanced expertise. Remand at this time is therefore appropriate.

    B.    *The USCIS Shall Decide Plaintiff's Application for Naturalization Within 45 Days of this Opinion and Order*

However, the Court will exercise its power to provide instructions to the USCIS. The Court will also reserve the right to "determine the matter" should Defendant fail to comply with this Opinion and Order. The imposition of a deadline is appropriate in this case for two reasons. First, remanding without a deadline runs counter to the clear intent of Congress. As one district court aptly held, "to remand the case without setting a specific time limit for a determination would be to render section 1447(b) powerless. . . . [because] Congress intended section 1447(b) to provide applicants with a remedy for adjudicative delays." *Silebi De Donado v. Swacina*, 486 F. Supp.2d 1360, 1365 (S.D. Fla. 2007). The Court is aware that some courts—including the majority in this

district—have remanded with instructions that the USCIS adjudicate the plaintiff's application "forthwith" or "promptly," but without imposing a time limit. Although such an order is within a court's discretion, this Court is concerned that a vague order of this kind effectively instructs the government to do nothing at all inasmuch as it is not clear when, if ever, the instruction is violated.

Additionally, a deadline is appropriate because the delay that has occurred in this case is egregious. In past cases involving this issue, this Court has afforded the USCIS 120 days from the time of remand to make a determination. However, a significantly shorter deadline is appropriate in this particular case because the delay that has occurred is extreme and, in the absence of extraordinary circumstances, warrants immediate remedial action.

III.    **CONCLUSION**

The Court must fashion a remedy that accommodates the needs of both parties. On the one hand, Defendants must be afforded ample opportunity to examine applicants' qualifications "to ensure that only worthy applicants are granted the privilege of United States citizenship." *Omeiri v. Dist. Dir., Bureau of Citizenship and Immigration Servs.*, 2007 WL 2121998, at *3 (E.D. Mich. Jul. 24, 2007). On the other hand, the Court must safeguard an applicant's right to a reasonably prompt decision. To accommodate the interests of all parties, and those of the public,

IT IS ORDERED that Plaintiff's request for an expeditious adjudication of this matter is granted.

IT IS FURTHER ORDERED that this matter is remanded to the USCIS for a determination of Plaintiff's naturalization application within 45 days of this Opinion and Order.

This case shall remain open until Plaintiff's application is adjudicated, at which time the parties shall inform the Court that this matter is resolved. If Defendants fail to comply with this Opinion and Order, the Court will, upon Plaintiff's request after the expiration of the 45-day deadline, order Defendants to show cause why the Court should not immediately "determine the matter" under § 1447(b).

IT IS FURTHER ORDERED that, within ten days of the date of this Opinion and Order, Defendants shall provide this Court with a detailed written explanation as to why Plaintiff's naturalization application has been pending for what appears to be an unreasonably long period of time.

Dated: February 26, 2009               s/Bernard A. Friedman
                                       BERNARD A. FRIEDMAN
                                       SENIOR UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, February 26, 2009, by electronic and/or ordinary mail.

                                       s/Julie Owens
                                       Case Manager, (313) 234-5160